O

# United States District Court
# Central District of California

| | |
|---|---|
| MEGHAN DOWNING,<br><br>        Plaintiff,<br><br>    v.<br><br>SBE/KATSUYA USA, LLC,<br><br>        Defendant. | Case № 2:21-cv-06058-ODW (KKx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [27]** |

## I.   INTRODUCTION

On July 27, 2021, Plaintiff Meghan Downing brought this putative class action lawsuit against Defendant SBE/Katsuya USA, LLC, alleging that its website (the "Website") violated her rights under the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("UCRA"). (Compl., ECF No. 1.)  Katsuya now moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c). (Mot. J. Pleadings ("Mot." or "Motion"), ECF No. 27.)  For the reasons that follow, the Court **GRANTS** the Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The essential allegations of this case are uncontested and are as follows. Downing is a visually impaired and legally blind person who requires screen-reading software to read website content using her computer. (Compl. ¶ 1.) Katsuya owns and operates several "Katsuya" restaurants in California. (*Id.* ¶ 14.) Katsuya owns and operates a website for its restaurants, https://www.katsuyarestaurant.com/ (the "Website"). (*Id.* ¶¶ 2, 3.) Specifically, the Website allows users to view menu items, order menu items, sign up for email updates, and access information regarding reservations, online orders, pickup and delivery options, catering services, and offers. (*Id.* ¶ 24.)

Downing alleges that on several occasions, she visited Katsuya's Website and "encountered multiple access barriers which denied Plaintiff full and equal access to the facilities, goods, and services offered to the public." (*Id.* ¶ 27.) Because Downing is visually impaired and legally blind, she employed the assistance of screen-reading software to attempt to access the Website. (*Id.* ¶ 26.) Downing alleges that the Website lacked Alternative Text ("alt-text"), which "is invisible code embedded beneath a graphic or image on a website that is read to a user by a screen-reader." (*Id.* ¶¶ 28a, d.) Downing also alleges the Website contained "empty" links that contained no text and "redundant" links that led to the same URL. (*Id.* ¶¶ 28b, c.) Downing alleges these deficiencies impaired her ability to access and use the Website, constituting an access barrier in violation of the ADA. (*Id.* ¶¶ 20, 28.) Based on these allegations, Downing asserts two causes of action on behalf of herself and the purported class: one for violation of the ADA, (*id.* ¶¶ 56–61), and the second for violation of the UCRA, (*id.* ¶¶ 62–69).

On August 6, 2021, after providing Downing an opportunity to show cause why the Court should exercise supplemental jurisdiction over the UCRA, the Court declined to exercise such jurisdiction. (*See* Order Declining Suppl. Jurisdiction, ECF No. 14.) Thus, only Downing's ADA claim remains pending in this action.

Katsuya now seeks judgment on the pleadings pursuant to Rule 12(c), arguing that Katsuya is entitled to judgment on the ADA claim because Downing fails to state a claim and, alternatively, because the Court lacks subject matter jurisdiction as Downing fails to plead an injury. (*See* Mot.) As explained below, the Court finds that Downing fails to state a claim under the ADA and the Court therefore grants Katsuya's Motion. Accordingly, the Court need not and does not address Katsuya's alternative argument for lack of subject matter jurisdiction.

### III.   LEGAL STANDARD

After the pleadings are closed, but within such time as to not delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ P. 12(c). The standard applied to a Rule 12(c) motion is essentially the same as that applied to Rule 12(b)(6) motions; a judgment on the pleadings is appropriate when, even if all the allegations in the complaint are true, the moving party is entitled to judgment as a matter of law. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (citations omitted)); *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005).

When ruling on a motion for judgment on the pleadings, a court should construe the facts in the complaint in the light most favorable to the nonmoving party, and the movant must clearly establish that no material issue of fact remains to be resolved. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). However, "conclusory allegations without more are insufficient to defeat a motion [for judgment on the pleadings]." *Id.* If judgment on the pleadings is appropriate, a court has discretion to grant the non-moving party leave to amend, grant dismissal, or enter a judgment. *See Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

### IV. DISCUSSION

The Court finds that Downing fails to state a claim because she did not sufficiently allege a nexus between Katsuya's Website and its physical locations, and because she did not sufficiently allege that she was actually denied a public accommodation.

To prevail on an ADA claim, the "plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)–(b)). "Therefore, the ADA mandates that places of public accommodation . . . provide auxiliary aids and services to make visual materials available to individuals who are blind." *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 122 (2019). This requirement historically applies to physical places of public accommodation but can also apply to websites that impede access to the goods and services of such physical places if there is a nexus between the website and the physical location. *Id.*

Here, Downing alleges that Katsuya's Website provides menu items "available to order online and at the restaurant locations" as well as "information regarding . . . online orders, pickup and delivery options." (Compl. ¶ 24.) Although this allegation may *suggest* that the Website *could* have a sufficient nexus to Katsuya's physical restaurants, the allegation is too vague to concretely establish such a nexus. In *Robles*, the Ninth Circuit found that there was a sufficient nexus between the defendant-restaurant's website and physical locations because the website allowed users to locate the nearest physical location, place an order directly to that location, and then pick up or receive the food from that location. 913 F.3d at 905. However, the *Robles* court contrasted the

defendant-restaurant's website from an insurance company's website upon which customers could buy insurance policies online, but where such policies had no connection to the company's physical office. *Id.* at 905–06.

In this case, Downing merely alleges that the Website provides options and information regarding online orders—but fails to specifically allege that the Website provides users with access to the goods and services at particular Katsuya locations. Without such specific allegations, Katsuya's Website appears to be no different than any standard website that merely allows users to place online orders or access information. *See Strojnik v. Kapalua Land Co. LTD*, No. 19-00077-SOM (KJMx), 2019 WL 4685412, at *6 (D. Haw. Aug. 26, 2019) (distinguishing "an inability to use a website that impedes access to enjoy a physical location"—which falls under the ambit of the ADA—from a mere "inability to use a website to gain information about a physical location," which is not sufficient to state a claim). Thus, Downing fails to state an ADA claim because she fails to allege a sufficient nexus between Katsuya's Website and its physical locations.

Moreover, Katsuya correctly asserts that Downing "does not allege *how* the content she purportedly could not view impaired access to the dining services." (Mot. 9 (emphasis added).) For example, despite pleading that the Website offered online ordering services, Downing does not allege that she attempted to place any such order. Nor does she allege that she sought specific goods from any particular Katsuya locations. Instead, Downing broadly alleges that she "attempted to do business" with Katsuya on the Website, and "encountered multiple access barriers which denied [her] full and equal access to the facilities, goods, and services offered to the public." (Compl. ¶¶ 27, 29.) Neither Katsuya nor the Court can deduce from these sweeping allegations the specific goods or services—and the specific physical locations—that Downing sought but could not access. Thus, Downing fails to allege with sufficient particularity that she "was denied public accommodations." *Molski*, 481 F.3d at 730; *see McGlinchy*, 845 F.2d at 810 ("[C]onclusory allegations without more are

insufficient to defeat a motion to dismiss for failure to state a claim.")

Taking all the allegations in the Complaint as true, Downing fails to state a claim under the ADA and Katsuya is therefore entitled to judgment as a matter of law. *See Milne*, 430 F.3d at 1042. Accordingly, the Court **GRANTS** Katsuya's Motion for judgment on the pleadings and dismisses Downing's Complaint. Because the Court cannot conclude that *any* amendment would be futile, the Court grants Downing **leave to amend**. *See Carrico*, 656 F.3d at 1008.

## V. CONCLUSION

The Court finds that Downing fails to state a claim under the ADA. The Court therefore **GRANTS** Katsuya's Motion for judgment on the pleadings and dismisses Downing's Complaint **with leave to amend** as described above. (ECF No. 27.) If Downing chooses to file an Amended Complaint, she must file it within **twenty-one (21) days** of the date of this Order, in which case Defendant shall answer or otherwise respond no later than **fourteen (14) days** from the date the Amended Complaint is filed. If Downing fails to timely file an amended complaint, this dismissal will automatically convert to a dismissal with prejudice and judgment will be entered for Katsuya.

**IT IS SO ORDERED.**

April 5, 2022

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**